UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ROYAL INSURANCE COMPANY OF      )
AMERICA and AMERICAN            )
EMPLOYERS' INSURANCE COMPANY,   )
                                )
            Plaintiffs,         )
                                )
       vs.                      )   No. 2:96-CV-34 CEJ
                                )
KIRKSVILLE COLLEGE OF           )
OSTEOPATHIC MEDICINE,           )
                                )
            Defendant.          )

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motions for partial summary judgment. See Fed. R. Civ. P. 56. In their original motions, plaintiffs sought only partial summary judgment because of outstanding issues of fact as to the amount owed for defense costs. Those claims were subsequently resolved through mediation. As such, plaintiffs' motions are now before the Court as motions for summary judgment on all claims. Defendant has responded to the motions and all issues have been fully briefed.

Plaintiffs Royal Insurance Company of America ("Royal") and American Employer's Insurance Company ("American") bring this declaratory judgment action against the Kirksville College of Osteopathic Medicine ("KCOM") seeking a declaration that plaintiffs are not obligated to indemnify KCOM for amounts KCOM paid to settle claims arising out of a state court lawsuit. See 28 U.S.C. § 2201.



I. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. Background

Both Royal and American issued commercial general liability insurance policies to KCOM which covered the periods May 1, 1994 to May 1, 1995 and May 1, 1995 to May 1, 1996, respectively. On August 22, 1994, KCOM and Lewistown Heet Gas, Inc. ("Lewistown") executed a contract for the sale of land from Lewistown to KCOM. On February 29, 1996, Lewistown filed a lawsuit against KCOM in Adair County, Missouri[1] In the lawsuit, Lewistown alleged that prior to the closing, KCOM directed PSR Construction, Inc. ("PSR") to enter the property and perform certain work. Lewistown further alleged that, on April 21, 1995, while doing this unauthorized work, PSR struck and ruptured an underground storage tank, and as a result of this rupture, buried coal gasification wastes were released into the environment and onto Lewistown's property.

In an amended state court petition, Lewistown claimed that KCOM was negligent in directing the construction work on the property and that KCOM committed trespass by directing and advising the construction work on the property without Lewistown's permission. Lewistown sought an award of damages for the negligence and trespass claims based on the expenses it incurred for the development of a remediation plan and removal of the coal gasification wastes.

---

[1]On September 25, 1996, venue in the underlying state case was changed to the Randolph County Circuit Court.

KCOM tendered the defense of Lewistown's lawsuit to Royal and American. Royal and American agreed to defend under a reservation of rights and then commenced a declaratory judgment action in this Court. This Court previously granted summary judgment for Royal and American on the above issues, concluding that the pollution exclusion in Coverage A (the property damage provision) of both insurance policies excluded coverage for property damage caused by the release of pollutants, and that the exclusion also applied to defeat KCOM's claim for coverage under Coverage B (the personal injury provision). <u>See</u> MEMORANDUM AND ORDER, April 30, 1998. Following this Court's ruling, Royal and American withdrew their defense of KCOM in the state court action. KCOM subsequently appealed this Court's grant of summary judgment to the insurers to the Eighth Circuit Court of Appeals, arguing that its potential liability was covered by both the property damage and the personal injury provisions of the policies.

On May 14, 1998, while the case was pending on appeal, PSR, the contractor who allegedly committed trespass while working under the direction of KCOM, filed a motion for partial summary judgment in the underlying state court action arguing that PSR had implied consent to enter Lewistown's property; thus, it could not have committed a trespass. After reviewing the parties' arguments, the circuit court entered judgment in favor of PSR. Lewistown then moved for motion for reconsideration of the ruling, but the motion was never ruled on by the Circuit Court because Lewistown, KCOM and PSR entered into a settlement agreement on August 4, 1998.

On September 15, 1999 the Eighth Circuit appeal held that the personal injury coverage contained in Coverage B of the comprehensive general liability policies triggered the insurers' duty to defend Lewistown's state court trespass claim, and remanded the case to this Court for further proceedings. See Royal Insurance Co., et al. v. Kirksville College of Osteopathic Medicine, 191 F.3d 959 (8th Cir. 1999). After remand, the parties settled the issue of defense costs in mediation proceedings and left this Court to decide the sole issue of whether Royal and American have a duty to indemnify KCOM for the amount it paid in settlement of the underlying state lawsuit.

### III. Discussion

Questions concerning coverage provided under a policy of insurance are determined by state law. Sargent Construction Co. v. State Auto Ins. Co., 23 F.3d 1324, 1326 (8th Cir. 1994). Missouri law regards insurance policies as contracts to which the rules of contract construction apply. Id.; Peters v. Employers' Mut. Casualty Co., 853 S.W.2d 300, 301-302 (Mo. 1993). In Missouri, the insured has the burden of proving that the loss and damages claimed are covered by the general liability or other insuring provisions, while the insurer has the burden of proving that any exclusion upon which it replies is applicable. Taylor-Morley-Simon, Inc. v. Michigan Mut. Ins. Co., 645 F.Supp. 596, 599 (E.D. Mo. 1986), aff'd 822 F.2d 1093 (8th Cir. 1987).

Coverage B of both insurance policies obligates the insurers to pay "sums that the insured becomes legally obligated to pay as

-5-

damages because of 'personal injury'...to which this insurance applies." Personal injury is defined as "injury, other than 'bodily injury,' arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. [Slander or libel]; or

e. . . . publication of material that violates a person's right of privacy."

The Eighth Circuit held that wrongful entry or invasion by a non-owner is included in subpart c. of the definition of "personal injury," and an insurer that contractually provides coverage for this type of intentional offense should anticipate that the "injury" being covered would include claims for property damage. See Royal Insurance Co., 191 F.3d at 963-964. As such, the personal injury coverage in Coverage B of the insurance policies triggered the insurers' duty to defend the underlying state court trespass claim.

An insurance company's duty to defend an insured arises where the allegations of the complaint against the insured are potentially within the coverage of the policy. The duty to defend the insured is much broader than the duty to indemnify. Liberty

-6-

Mutual Ins. Co. v. FAG Bearings Corp., 153 F.3d 919, 923-924 (8th Cir. 1998); Howard v. Russell Stover Candies, Inc., 649 F.2d 620, 624-625 (8th Cir. 1981). An insurer's ultimate liability for indemnification costs is limited to claims covered under the policy. Harold S. Schwartz & Associates, Inc. v. Continental Cas. Co., 705 S.W.2d 494, 497 (Mo.Ct.App. 1985). As the Eighth Circuit ruled, the only potentially covered allegations against KCOM were those contained in the state court trespass claim. Therefore, the only issue before this court is whether or not KCOM committed a trespass against Lewistown. If a trespass was committed, defendant has a right to indemnification from plaintiffs.

Royal argues in its motion that KCOM should be precluded, by the doctrine of collateral estoppel, from arguing that it committed a trespass against Lewistown based on the circuit court's ruling that KCOM's subcontractor, PSR, did not commit a trespass against Lewistown. Defendant argues, in its response, that collateral estoppel does not apply in this instance. Defendant further argues that because Royal had a duty to defend KCOM in the underlying state action, determining whether a trespass occurred is no longer relevant because KCOM settled the underlying case after Royal withdrew its defense. This Court will first address defendant's assertion that the issue of trespass is no longer relevant.

KCOM argues that in cases such as this one, where insurers withdraw from their defense of the insured, the insured has the right to make the best settlement he can; the insurer can only avoid liability for indemnification by showing that the settlement

-7-

was a result of fraud or collusion or was not reasonable. Missouri law does hold that "an insurer's unjustified refusal to defend upon the ground that the claim is not covered by the policy relieves the insured from the contractual obligation not to settle." Whitehead v. Lakeside Hosp. Ass'n, 844 S.W.2d 475, 480 (Mo.Ct.App. 1992). However, the plaintiffs withdrew from their defense of KCOM only after this Court found that they had no duty to defend. Although that decision was ultimately reversed by the Eighth Circuit Court of Appeals, the fact that plaintiffs relied on a judgment from this Court as a basis for withdrawal does not seem unjustified when plaintiffs had reason to believe, as a result of this Court's judgment, that the claim upon which the action against the insured was based was outside the coverage of the policies. See Maryland Cas. Co. v. Pearson, 194 F.2d 284 (2d Cir. 1952)(holding that the insurer was obliged to defend a suit against the insured until the declaratory judgment of no coverage was rendered in the district court); Hartford Accident & Indemnity Co. v. Superior Court, 29 Cal.Rptr.2d 32, 35 (Cal.Ct.App. 1994) ("[A] declaratory judgment of no coverage, either by summary judgment or after trial, does not retroactively relieve the primary insurer of the duty to defend. It only relieves the insurer of the obligation to defend after the declaration."). Therefore, the Court finds that this issue of whether defendant committed a trespass is relevant in this action.

The Court next turns to plaintiff Royal's assertion that defendant KCOM should be collaterally estopped from arguing that it committed a trespass against Lewistown. Plaintiff bases its

argument on the premise that KCOM could only be liable for trespass in the state court action through the acts of its subcontractor, PSR, under the doctrine of respondeat superior. Thus, plaintiff contends, because the state court previously ruled that PSR did not trespass on Lewistown's property, it follows that KCOM did not commit a trespass against Lewistown.

In reviewing whether the application of collateral estoppel is proper, four factors must be considered: (1) whether the issue in the present case is identical to the issue decided in the prior adjudication; (2) whether there was a judgment on the merits in the prior adjudication; (3) whether the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. Cox v. Steck, 992 S.W.2d 221, 224 (Mo.Ct.App. 1999). Three of the above elements are at issue in this case. Defendant argues that it does not stand in privity with PSR; thus, it did not have a full and fair opportunity to litigate the issue of trespass with Lewistown. Defendant further argues that even if it does stand in privity with PSR, the partial summary judgment ruling for PSR was not a final judgment on the merits. This Court will first address whether the state court ruling for PSR was a final judgment on the merits.

Defendant lists several reasons for its contention that the judgment for PSR was not a judgment on the merits. Defendant first argues that the circuit court's ruling on PSR's summary judgment

motion was interlocutory in nature and thus cannot be used as a basis for barring further litigation on the issue. Defendant further asserts that a voluntary dismissal with prejudice is likewise not an adjudication on the merits.

Although a grant of summary judgment is a judgment on the merits, entitled to res judicata and collateral estoppel effect, See Anderson v. Central Missouri State University, 789 S.W.2d 41, 43 (Mo.Ct.App. 1990), it is well settled under Missouri law that a partial grant of summary judgment, with additional issues remaining before the court, is interlocutory and has no res judicata or collateral estoppel effect. See Enchanted Hills, Inc. v. Medlin, 892 S.W.2d 722, 723 (Mo.Ct.App. 1994). Likewise, under Missouri law, a voluntary dismissal with prejudice is not an adjudication on the merits, but only serves as a mechanism for the termination of litigation. See State ex rel. M.A.F. by Bone v. Shelton, 832 S.W.2d 4 (Mo.Ct.App. 1992). However, a voluntary dismissal of a case retroactively renders an order final and appealable. See Parker v. Pulitzer Publishing Company, 882 S.W.2d 245, 249 (Mo.Ct.App. 1994). In the underlying state action, the Circuit Court granted summary judgment to just one defendant (PSR) on one count of the petition. Therefore, the grant of summary judgment to PSR was not a final judgment at the time it was granted. However, the interlocutory order granting summary judgment to PSR became final after Lewistown, KCOM and PSR entered into a settlement agreement and the circuit court issued an order dismissing the case with prejudice. Thus, the order granting PSR summary judgment on

the issue of trespass was a final judgment on the merits for purposes of collateral estoppel.

The Court next turns to the issue of privity. Privity exists where the party sought to be precluded has interests that are so closely aligned to the party in the earlier litigation that a non-party can fairly be said to have had its day in court. Cox v. Steck, 992 S.W.2d at 224. To determine whether defendant KCOM stands in privity with PSR, this Court must look to the proceedings in the underlying state court action. In its petition in the circuit court, Lewistown alleged that PSR's actions in grading Lewistown's property constituted a trespass. Lewistown further alleged that "KCOM's actions in directing and advising the grading work promoted the trespass and therefore constitute[d] a trespass by KCOM." See Lewistown's First Amended Petition, ¶ 70. Thus, the trespass claim against KCOM was premised on its vicarious liability for the acts of its subcontractor, PSR, and not on any independent conduct of KCOM. Therefore, KCOM's interests in litigating the issue of trespass in the circuit court were so closely aligned to those of PSR that KCOM can fairly be said to have had its day in court. Indeed, where the action is one involving the doctrine of respondeat superior, a judgment in separate actions acquitting the servant bars the action against the master. See Jordan v. Kansas City, 929 S.W.2d 882, 887 (Mo.Ct.App. 1996).

Defendant KCOM next argues that it did not have a full and fair opportunity to litigate the issue of trespass in the state action. The Missouri Supreme Court recently addressed this element

-11-

of collateral estoppel in its opinion in James v. Paul. No. SC 82867, 2001 WL 569109, *5 (8th Cir. May 29, 2001). The court noted, "..[this element] is a shorthand description of the analysis required to determine if non-mutual collateral estoppel should be applied."

Missouri permits use of a prior judgment to preclude relitigation of an issue even though the party asserting collateral estoppel was not a party to the prior case. In re Caranchini, 956 S.W.2d 910, 911-912 (Mo. 1997). To determine whether non-mutual collateral estoppel should apply, a court first considers whether the doctrine is being applied offensively or defensively. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329-330 (1979); James v. Paul, No. SC 82867, 2001 WL 569109, *5 (8th Cir. May 29, 2001). Offensive collateral estoppel involves "an attempt by a plaintiff to rely on a prior adjudication of an issue to prevent the defendant from challenging a fact necessary to the plaintiff's case and on which the plaintiff carries the burden of proof." Id. Both parties agree that in this case, offensive collateral estoppel is at issue.

A court has broad discretion in permitting the offensive use of collateral estoppel. James v. Paul, No. SC 82867, 2001 WL 569109, *5 (8th Cir. May 29, 2001); State v. Daniels, 789 S.W.2d 243, 245 (Mo.Ct.App. 1990); Nanninga v. Three Rivers Elec. Cooperative, 236 F.3d 902, 905-906 (8th Cir. 2000). The general rule is that in cases where a plaintiff could easily have joined in the earlier action or where the application of offensive estoppel

-12-

would be unfair to defendant, its use should not be allowed. Parklane Hosiery Co., 439 U.S. at 331. Plaintiffs Royal and American could not have joined the state court action to represent their own interests. Plaintiffs could have only joined the state court action to represent KCOM's interest, and in fact, did participate in the state court action on behalf of KCOM until this Court found that they had no duty to defend. In addition, allowing the use of collateral estoppel would not be unfair to defendant KCOM. In light of the declaratory judgment action filed in this Court and the extensive damages at issue, KCOM had every incentive to litigate the state action fully and vigorously. KCOM knew, and even argued in this Court, that one of the ways Royal and American could be liable for coverage was through the tort of trespass, as covered under the personal injury provisions in the insurance policies. KCOM was also aware, as evidenced by Lewistown's petition, that KCOM could only be liable for trespass through the acts of its subcontractor, PSR. As discussed above, the circuit court's grant of summary judgment to PSR was interlocutory until settlement in the case occurred and the court entered an order for voluntary dismissal with prejudice. It was only at that time that the court's order granting PSR summary judgment became final for purposes of collateral estoppel. KCOM was not obligated to enter into settlement negotiations with Lewistown while Lewistown's motion to reconsider PSR's grant of summary judgment was pending. KCOM could have waited for the circuit court to reconsider its grant of summary judgment to PSR, or KCOM could have entered

-13-

settlement negotiations before the circuit court ruled on PSR's motion. Therefore, it is this Court's belief that KCOM should not be able to disown the favorable ruling achieved in the state court action---that its agent PSR did not trespass against Lewistown---just to obtain coverage under the insurance policies at issue in this action.

The Court concludes that the doctrine of collateral estoppel applies in this case. Thus, KCOM is precluded from arguing that it trespassed on Lewistown's property. Because KCOM cannot argue there was a trespass, there is no covered offense. Therefore, plaintiffs Royal and American have no duty to indemnify KCOM for the amount it paid in settlement of the underlying lawsuit.

Because the Court holds that neither Royal nor American have a duty to indemnify KCOM on the grounds that KCOM is collaterally estopped from arguing that it committed a trespass against Lewistown, there is no need to address plaintiff American's summary judgment motion based on the loss in progress doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Royal Insurance Company of America for summary judgment [Doc. #99] is **granted**.

**IT IS FURTHER ORDERED** that the motion of plaintiff American Employers' Insurance Company for summary judgment [Doc. #98] is **denied as moot**.

- 15 -

An appropriate Judgment will accompany this Memorandum and Order.

*[signature]*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2001.

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING


AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 08/28/01 by lwilderm
               2:96cv34     Royal Insurance Co vs Kirksville College

28:2201 Declaratory Judgement

```
Christopher Bechhold -           Fax: 513-241-4771
Julie Gibson -                   Fax: 816-474-0872
John Hayob -  61335              Fax: 816-474-0872
Christina Magee -                Fax: 816-474-0872
Richard Rhyne -                  Fax: 816-753-3222
Thomas Rynard -                  Fax: 573-636-8579
```

SCANNED & FAXED BY:
AUG 2 8 2001
C. D. D.